UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RUSSELL A. LENTZ, | : |
| | : |
|     Petitioner | : |
| | : |
|   v. | : CIVIL NO. 3:CV-05-1587 |
| | : |
| COUNTY OF CUMBERLAND, et al., | : (Judge Kosik) |
| | : |
|     Respondents | : |

# **O R D E R**

## **THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Petitioner Russell A. Lentz, at the time an inmate confined at the Cumberland County Prison, Pennsylvania, filed this habeas corpus petition pursuant to 28 U.S.C. § 2254. In the petition, Lentz contends he was denied his right to a GAGNON I hearing to establish the existence of probable cause prior to his parole revocation proceeding being conducted.[1] Service of the petition was directed and a response filed. For the reasons that follow, the petition will be dismissed as moot.

On October 16, 2003, Lentz was charged with Unauthorized Use of a Motor Vehicle under 18 Pa. C.S.A. § 3928(a). He pleaded guilty on February 8, 2005 and

---

[1] See Gagnon v. Scarpelli, 411 U.S. 788 (1973.)

was sentenced to pay the costs of prosecution and a time-served sentence to one year imprisonment. He was placed on parole under the supervision of the Cumberland County Probation and Parole Department.

On March 15, 2005, a Petition for Revocation of Parole was filed alleging that Lentz had violated two conditions of parole - failing to report to the Probation Officer on March 4, 2005 and admitting to the use of cocaine on March 7, 2005. On March 22, 2005, the court found that Lentz had violated the conditions of parole and he was recommitted for the balance of his remaining term without credit for street time to date from March 11, 2005.

In the habeas petition Lentz alleges that he was denied a hearing prior to the revocation proceedings to establish probable cause. He claims he was entitled to this hearing because his parole violations were technical in nature and not the result of new criminal conduct. He also claims that his parole officer was not sworn under oath at the revocation proceeding, that he was not advised of his right to appeal the results of the proceeding and that he had never been advised of his parole conditions. As relief he seeks his release on parole.

A response to the petition was filed wherein it is asserted that Petitioner failed to exhaust his claims prior to pursuing this action. Based upon developments which have occurred since the filing of the petition, it is clear that the petition is rendered moot. On April 25, 2007, Lentz was released having completed the service of his

sentence.[2] He is not on parole, but rather has served his term. Accordingly, he has received the habeas relief requested in the instant action. See County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001)("when developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."); Spencer v. Kemna, 523 U.S. 1, 8-13 (1998)(habeas petition challenging revocation of parole dismissed as moot because period of reincarceration had expired and there were no collateral consequences attending the revocation of parole to create a live controversy).

**ACCORDINGLY, THIS 2ND DAY OF MAY, 2007, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Clerk of Court is directed to change Petitioner's address in the docket in accordance with footnote 2 of this Order.

2. The petition for writ of habeas corpus is dismissed as moot.

3. The Clerk of Court is directed to close this case.

4. A certificate of appealability is denied.

*S/EDWIN M. KOSIK*
United States District Judge

---

[2] The Court learned this information following a telephone inquiry to the Cumberland County Prison. The court was further advised that Lentz is now residing at 1121 Harrisburg Pike, Carlisle, Pennsylvania, 17013.